United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning and welcome to the third day of our sitting. As you know we were supposed to be together in Miami but obviously the virus has forced us to handle our oral argument sessions a little bit differently and we're conducting this one by telephone. Judges Pryor, Branch and I are very happy to have you with us and thank you for helping us decide and figure out these cases. There was a storm in Atlanta last night and a lot of homes and facilities are without power so we have a number of judges and lawyers who may be participating in today's proceedings without the benefit of a landline so we may experience some technical difficulties or interruptions. If that happens we will do the best we encounter some of those problems we ask you to be patient with us as we try to figure them out and get back online as quickly as possible. Ms. Tisa is going to give each of you who are arguing a two-minute warning to let you know that your time is coming to a close. Other than that I think we are ready to United States versus Gabriel Dominguez. Mr. Cohen whenever you're ready. May it please the court good morning my name is Eric Cohen and I represent appellant Gabriel Dominguez. This appeal raises the question left unresolved by the court in United States versus Paulson and specifically whether the term sexual activity as contained in title 18 USC 2422 being is synonymous with the definition of sexual act contained in title 18 section 2246-2 which requires some form of physical contact. The court in Paulson recognized the split among the circuits concerning this issue and we suggest that the court should adopt the Seventh Circuit's holding in Taylor that 2422 being in fact requires some level of contact. Taylor was actually a prosecution for a violation of section 2422 being and not did not deal with a sentencing enhancement but the statutory interpretation should be the same. The court there offered several basis for the court's decision including its acknowledgement that prior to 1998 there was an amendment before then 2422 B used the term sexual act while 2422 A used the term sexual activity. The court also noted that even after that amendment the committee report continued to use those terms interchangeably and the court found that the change in being from sexual act to sexual activity was simply to according to the court achieve semantic uniformity and did not intend to change the definition of the criminal activity. The court further noted that section 2427 which is in the same chapter as 2422 B specifically includes production of child pornography within the definition of sexual activity. The court there noted that that definition or expansion would not have been necessary if the term sexual activity did not require physical contact. Additionally in the provision right after 2422 statute section 2423 there are several different provisions there. Mr. Cohen can I ask you a question please? The Fourth Circuit in its Fugit decision in 2012 disagreed with the Seventh Circuit's Taylor decision and one of the things that the Fugit court said was that the incorporation of 2422 B language in the guideline also brought with it the clause you know punishable by law or made criminal by law and that prevented the interpretation of sexual activity from being too broad. What do you say to that contention? Well your honor it seems like the Fourth Circuit's use of a dictionary of common usage I think was the term that they used raises some ambiguity as to what exactly is involved. According to what circuit the issue or they define sexual activity as the act of pursuit for libidinal gratification and they specifically say that flirting would not be involved. If you read Taylor and I'm sure the court has read Taylor the court there used the Wikipedia definition of sexual activity where flirting would be involved and specifically includes flirting as part of the definition of sexual activity. So there is... I mean do you think do you really think that I understand that's the Wikipedia definition of it or at some point but do you think that flirting can really be considered sexual activity? I don't think flirting between adults can be considered sexual activity but I'm certain clauses or certain phrases that Mr. Dominguez used during his chats with Naomi talking about her sexy lips telling her how sexy she is. If that was between adults that would be flirting but there may be state statutes and unfortunately I don't have one that I can tell the court right off that similar types of conversations between an adult and a minor could be considered illegal and that would raise the if sexual activity in 24-22 expanded beyond just or expanded beyond physical contact that could actually fall then within the purview of the statute and again we're not talking about a statutory violation here but if that was the case a person who did that would be subject to the penalty between 10 years and life. So I think that there are differences when a minor is involved. I think that the Fourth Circuit broke why they explained that 24-22 and the definition of sexual activity I think they used the term hardly open-ended and then they talked about limitations that it was just sexual activity and then they narrowed it down as your honor just noted to only criminal activity but I would think that there are very possibly some jurisdictions where a adult telling somebody under the age of 16 that she's sexy, she has sexy lips could very well be considered criminal activity and it may just be a misdemeanor but as the Ninth Circuit made clear and show misdemeanors fall within the ambit of 24-22 also. So how does your argument apply to what Mr. Dominguez did which was send a picture of his private parts and then ask what the supposed minor would do with it? Well I think that it's important to look at that statement not only in the way that it was said but also in the context of what came right after it. So I think the choice of Mr. Dominguez's words are significant. He did not say what will you do with it and more importantly he said he did not say anything along the lines of would you like to do this to it he didn't make reference to licking or stroking or any other activity. He didn't suggest to her that there was any activity that he would like for her to do with it but I think it's also important in terms of the timing of what he said because immediately after he asked what you do with it he starts soliciting from her again naked photographs of her stuff. So I think within the context of the entirety of the chats it appears at least to me that what he was doing was bartering using the photograph that he sent for naked pictures of Naomi and without meaning to be glib it's almost like the schoolyard phraseology I showed you mine now show me yours and if it's interpreted that way or even taking a step further the worst-case scenario this is Mr. Dominguez was suggesting to Naomi that she may want to look at the picture and then use that to gratify herself still and I think that is possibly as far as the comment might go which fall way short of any kind of seeking the sense to get any kind of physical conduct as we feel or contact I'm sorry as we feel is required under Taylor and 2422 B. You want to take a minute to address your argument about a substantial step? Yes please your honor. So I think it's significant that there was no conversation concerning any specific sex at all. Mr. Dominguez certainly didn't ask Naomi to participate in a particular sex act. He did not offer her any gifts or inducements. He did not propose meeting with Naomi. Two minutes counsel, two minutes. Thank you. As the government alleged in its initial objections the contact was essentially especially explicit conversation. He sent a photo and requested photos in between or in return and the Seventh Circuit again speaks to that issue in Gladish which recites it gives multiple examples of what could be a substantial step but then states that it requires more than explicit sex talk and really that's all that we have here in Gladish the video of self-masturbating there was nothing like that in our case. So the court there. Yes counsel. Yes judge. This is Lisa Branch. Let me ask you a question about that substantial step. Is your substantial step argument it's relevant only if we agree with you that the term sexual activity means sexual act and it requires physical contact right? Yes. Okay and so you're and you're not suggesting that the Lee case that you're you're citing is binding correct? No it's certainly not binding on the issue of sexual activity and what that considers or includes because the Paulson court specifically said that that was still an open issue in the circuit. Mr. Cohen this is I didn't mean to interrupt you if you hadn't finished your answer. I had thank you judge. Okay do you concede that if we look to the dictionary definitions showing common usage at the time that sexual activity would not need to include contact? No your honor because there are so many different dictionary definitions that that creates an innate ambiguity and again going back to what I was saying before the Wikipedia definition would include activity that would not necessarily be included in the Webster definition. So it may be dependent on what court uses what dictionary at what time and I don't think that's the way that a statute should be interpreted. I think there should be a standard definition which applies across the board to all persons so that everybody's aware of what activity falls within the purview of the statute. Normally we say that if Congress uses two different terms in different places in a statute that it had to mean different things. Would you explain to me why you think that canon is not valid here? I'm sorry could the court can you repeat the question please? Yes yes normally we we say that if Congress used a different term in different places of statute it must have meant different things. How do you respond it what's your answer to that canon here why doesn't it apply? Well there are so many different statutes that criminalize sexual activity and they all include different things so for example section 2256 which is outside the chapter again but defines sexually explicit activity sexually explicit conduct consistent with what the Fourth Circuit found. So different statutes contain different elements and there's no continuity so I don't think that that canon necessarily applies in this particular case and what I think is it was interesting is that the definition of sexual activity as discussed and feuded seems like would also be synonymous with the definition of sexual act. So I'm not sure how the court there was able to distinguish the two and Congress's intent to say that one requires contact and the other does not. I hope I answered the court's question. Yes thank you. I believe I'm out of time. You've saved your time for rebuttal Mr. Cohen thank you very much. Thank you Judge. Mr. Roboso. Good morning and may it please the court Manny Roboso on behalf of the United States. The district court properly applied the section 2g 2.2 b5 enhancement because Mr. Dominguez's conduct satisfies the elements of 18 USC 2422b. Section 2422b criminalizes the knowing enticement of a minor to engage or attempt to engage in quote any sexual activity for which any person can be charged with a criminal offense close quote and as relevant here the term sexual activity expressly includes a production of child pornography. That is what Mr. Dominguez did here as a record establishes over a series of explicit Instagram chats held over a couple days Mr. Dominguez enticed a nine-year-old minor victim to take naked photographs of herself and to send them to him for a sexual gratification. He did so after sending her a photo of his erect penis and asking her what she would do with it and after pleading with her to satisfy him by sending him a naked photo of herself. That conduct falls comfortably within the ambit of section 2422b and a properly warranted the application of the 2g 2.2 b5 enhancement. The appellant argues the district court improperly applied this enhancement for two reasons that one the sexual activity the defendant was allegedly seeking assent to did not involve physical contact and two he did not take a substantial step towards completing a violation of 18 USC 2422 and both of those arguments fail. Mr. Roboto in your in your opinion what does the term sexual activity mean? Well since Congress didn't define the term sexual activity in section 2422 or anywhere else in the United States Code the court must then give the term sexual activities ordinary meaning and it must be read in context and the Fourth Section 2422b does not criminalize the enticement of sexual activity full stop rather it's limited in two critical aspects and first it concerns only conduct that's already criminally prohibited and that's why it says any sexual activity for which any person can be charged with a crime and second it addresses only behavior involving children so those two limitations plainly define the term sexual activity is conduct that number one is a statute that has to do with sexual conduct and the Fourth Circuit and Fugit defined it as libido gratification on the part of any individual and two it must involve a minor so sexual activity the Fourth Circuit's rationale and Fugit really defines the term and doesn't limit it it says any sexual activity so that broad and encompassing term states it could be anything whether it's it involves contact or it doesn't involve physical contact it doesn't have any limitation of that sort and two there must be and that's why and as you take a step back the term itself is defined by what this what the state or the federal statute the government is relying on to charge that any particular defendant it's actually one of the elements of the offense so in this court's pattern jury instructions for 2422 B whether it's a substantive charge or it's the attempt the government must identify a state or federal statute that the conduct is a criminal violation of and further must describe what that statute does indeed penalize so the plain definition of sexual activity within 2422 B conduct anybody could be charged with and depending on what the government alleges is the criminally prohibited conduct the state or federal statute will describe what the sexual activity is and fugitives rationale in reaching its conclusion that number one Taylor is rejected it's not limited to sexual activity that only has physical conduct and it's not synonymous with sexual act instead it comprises conduct connected with the active pursuit of libidial gratification on the part of any individual and I think that that's where Taylor missed the point when they looked at the term sexual activity within a vacuum and didn't read it in context the context of 2422 B just plainly defines what that term means okay we'll go with we'll go with judge prior first then branch and then me so judge prior judge Posner points out in Taylor that you could have a very low level misdemeanor offense under state law which when directed at a child would then invoke the 10-year minimum under federal law what's your response to that concern so Congress in other words in other words that the criminal prohibition might not be much of a safeguard sure so you know that that was brought up in Taylor the courts concerned with you know 2422 B carrying this 10-year minimum mandatory sentence up to life but realistically there are different components of the statute and there are different elements Congress their their intention was to criminalize any sexual activity when it was enacted in 1998 and fast forward to 2020 just about everything is done from the palm of your hand on a you know on a cell phone or a computer and slowly enough the minimum mandatory has increased throughout the years from when it was enacted and that's because Congress has expressly recognized that this element of interstate commerce these child that these child predators that they could from anywhere from the from the palm of their hand to a computer can entice these children and Congress expressly wanted to do that so if there is a statute that is a misdemeanor otherwise Congress has completely of disparate sentences throughout state courts for different types of sexual activity when it comes to you know a sexual battery statute or it could be allude in lascivious exhibition statute it could be varying but we will what we want to make crystal clear is that when it comes to a sexual enticement of a minor using interstate commerce we're going to punish this so if they're just by happenstance there is a misdemeanor statute which is what the government relied on in Taylor I believe it was an Indiana misdemeanor statute you know in the state of Florida I believe a similar conduct would be a felony a second-degree felony which would be allude in lascivious exhibition before a minor so there is that discrepancy in what these statutes have throughout the states and Congress has expressly said we're we're going to have a penalty that if you use interstate commerce if you use this you know the rapidly expanding internet to entice minors which is where the majority of them happen versus in person it's using a custodial relationship and those are much those are not as often as the ones that we see today and have been seeing since the 90s when this was enacted the fact that Congress has expressed it has expressly said we're going to take this seriously and we're going to punish it yeah counsel if we were to agree with you that in defining the term sexual activity it is not limited to situations involving sexual contact or as you have indicated there's that other step what criminal offense would the sexual activity violate in this case and have we has the district court has the when I went through the analysis and I went through the chats that were described and it's in the record you know there's no dispute as to the facts of this case you know the defendant he sent on two different occasions he sent a photo of his penis to this young girl the second occasion his erect penis he asked for what she would do with it he asked for photos in return and he received photos so the court did not expressly state this is a violation of this particular state statute or this federal statute but you know the record is clear that there are first off the fact that 18 USC 2427 expressly includes the production of child pornography within the meaning of any sexual activity for which a person could be charged with a crime the government contends that at a minimum there was an enticement to produce child pornography because there was a point in time where after he said he had consistently been asking her for a nude photo in return she had been sending clothes photos and he had been having sexual sexually suggestive comments you have sexy lips you're cute can I tell you something you make me very hard and it got to a point where when he sent her the photo of his erect penis he asked her are you alone she said it was too dark that's where the enticement begins that's where the persuasion begins for for him to persuade her to commit the federal offensive production of child pornography she goes to the back but but counsel but counsel as you conceded the district court did not expressly state which statute was violated do we need to even if we agree with you on your definition of sexual activity do we need to remand this case to the district court to finish its analysis of section 22 24 22 B no and and and the reason why is because this court could affirm on any basis for us to find support on the what Dominguez did in this case that he did engage that he did in you know attempted to entice this minor to produce child pornography and when he sent the photo of his penis of his erect penis and asked her what she would do with it it was clear another thing has to do with what and what so if you think we can affirm without any remand if we agree with your statutory interpretation analysis what federal or state statute did mr. Dominguez's transmissions violate for purposes of the guideline and 24 22 B so for purpose of the guideline the guideline expressly states the different statutes that can be violated within that is 22 42 and then you have 22 51 a which is the production of child pornography which by incorporation through 24 27 any sexual activity for which a crime can be charged that includes production child pornography so mr. Dominguez received two nude photos of this nine-year-old girl because he persuaded her to do so that is not in dispute we don't know what those photos have but the context of those communications he asked her he she and please excuse my language but it's what mr. Dominguez asked her was that your pussy and she said I'm half naked and he said can you please send a fully naked photo and she said why and he said this one time for me I'm kind of paraphrasing that part but this one time for me and she sends him a photo he said thanks and damn at a minute we don't have we don't have the photo which one do we have we don't have any we don't have any nude photos and I addressed that in one of my footnotes and it's and it's in the sentence it's from the sentencing where the the prosecutor described that in the Instagram business records when you upload a photo or when you're chatting on Instagram on the Instagram app if you have a previous of a photo that you previously took on your camera roll and you send somebody a photo by accessing your camera roll that will be preserved so that's why we only have one photo of mr. Dominguez's penis which is the first one that he sent her when that came from the camera roll which you could tell but then at the time that they're actually having this sexual conversation where they're exchanging photos he's telling her how hard he is and he says do you want to see and he sends her a photo of the erect penis we don't have that because that when you take a contemporaneous photo when you take a photo using the Instagram app which has a camera within it Instagram does not store that image so you have a contemporaneous photo that Dominguez took of his erect penis when he was looking at her photos and then you have the two nude photos that this minor sent we don't know what we don't have those photos but we do have the context and specifically she admitted or she said that I was half nude he asked if it was her genitalia he asked for a fully nude photo because he wasn't sexually satisfied at that time and yes thank you and 2256 that identifies what child pornography is and it says sexually explicit conduct but you know it basically sexually explicit conduct means actually stimulated lascivious exhibition of the anus genitals or pubic area of any person and it excites a special sexual desires or salacious and the focus is on the intent of the producer so mr. Dominguez you have a young girl we don't know what pose she's in or any of that information but what we do know is the intent of the producer and let's not forget the court this was the second time the district court had mr. Dominguez before him and the 404 be evidence shows that he previously was convicted in 2008 of this same exact behavior of online conversations with a minor sending a video of masturbation so and that's within the record itself I'm not going to get into if what the district court was thinking but clearly the intent of mr. Dominguez was to entice this minor and in like I said one is the the production of child pornography at a minimum he persuaded her to produce child pornography if not actually completed the act and second there is a state statute there's two of them you have a looter lascivious conduct which is Florida statute 800.04 subsection 6 or 800.04 subsection 7 one is lewd and lascivious conduct and the other one is looter lascivious exhibition both of those are second-degree felonies one involved solicitation of a person under 16 years of age to commit a looter lascivious act and then the other one has to do with any person who intentionally masturbates or exposes his genitals in a looter lascivious manner in the presence of a so those are that's him sending the photo of his erect penis asking her what she would do with it the full context of mr. Dominguez's conversations with this nine-year-old girl and he knew that she was nine years old it's it comfortably falls within the ambit of 2422b it is a violation of the state and a federal law he persuaded this minor to produce child pornography you know the fact that it's a sentencing enhancement the burden of proof is lower so when you look at the circumstantial regarding the photographs that were sent clearly you could see that mr. Dominguez and this is not in dispute he received photographs of this girl which he persuaded her to take of herself nude his own sexual pleasure and looking at the focus of the producer mr. Dominguez clearly this within the definition of child pornography with it within 18 USC 2256 all right thank you very much mr. Roboto thank you your honor mr. Cohen you have your rebuttal time available I would like to start my remarks with the last thing that the government said because the government relied on the fact that mr. Dominguez received photographs one without knowing the content of the photograph even assuming that they were nude photographs does not necessarily mean that they were lewd and lascivious but more important one of the nuances between the guideline and the statute is that the guideline in the commentary specifically provides that sexual abuse or exploitation does not include possession accessing with intent of you receipt or trafficking in material relating to the sexual abuse or exploitation of a minor again we don't believe that there's anything more than the receipt of the photograph and sending the photograph of himself to Naomi the other comment that I'd like to make mr. Cohen let me ask you let me ask you a hypothetical please if the photograph that mr. Dominguez received from their purported minor included a video of the minor engaging in individual sexual activity for example masturbation would that satisfy the guideline I don't believe so your honor because it would still be the receipt of images of child pornography so material relating to the sexual abuse or exploitation of a minor certainly asking the minor to masturbate as part of a pornographic image I think falls within the exclusion in the guideline I mean it's the receipt or trafficking in material relating to sexual abuse or exploitation of a minor I think that that would certainly fall within that definition all right thank you the one final point I'd like to make only crisis wasn't addressed in the briefs which I apologize to the court or in any of the other cases we've discussed this morning is the similarity between 22 24 22 and 24 23 a 24 23 a uses language very similar to what's contained in 24 22 B but there were three other provisions in 24 23 all which deal with illicit sexual conduct which includes the production of child pornography specifically the penalties for violating 24 23 a are that the definition of sexual activity in a is more narrow than the definition of a visit sexual conduct in B through D so returning to that the point made in Taylor it would not have been necessary to include child pornography in the definition of illicit sexual conduct if sexual activity included child pornography there wouldn't have been any need to distinguish between the two terms so the fact that Congress in the same chapter at the statute that we're discussing expanded the definition of the conduct to include child pornography as part of illicit sexual conduct in the same statute where there's reference to sexual activity suggest that sexual activity has a narrower definition and it's more consistent with the definition in 22 46 B or 22 46 2 I have nothing else unless the court has any questions of me no thank you very much mr. Cohen and mr. Bosa we appreciate your help with this case thank you your honor